SUCCESSION OF AIELLO

(May 22, 1929. Opinion and Decree.)

Sanders, Baldwin, Viosca & Haspel, of New Orleans, attorneys for plaintiffs, appellees.

Theo. Cotonio, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is an appeal from a judgment on a rule taken by William Ardill, notary public, and B. J. Skinner and L. Delahoussaye, appraisers, against Bartolomeo Perrone, to show cause why he (Perrone) should not be condemned to pay Ardill $100 and Skinner and Delahoussaye $25 each.

It appears that Frank Aiello, decedent herein, was in life, and at the time of his death, a partner of Bartolomeo Perrone, and that, in order to settle his succession, it was necessary that the partnership of Aiello and Perrone be liquidated. To that end Bartolomeo Perrone was appointed liquidator of the partnership. In accordance with his duty so to do, he caused an inventory to be taken, and William Ardell was appointed by the court as notary public for that purpose, and B. J. Skinner and L. Delahoussaye were designated as appraisers. It is for the services rendered in connection with this inventory that the three plaintiffs in rule have sought to collect their compensation.

The defendant in rule filed a number of exceptions, among others, to the summary form of proceeding, averring that he is entitled to be served with petition and citation and to the usual delays, as in ordinary procedure; and that the rule failed to disclose a cause of action.

After a hearing upon the rule, it was, by judgment signed on the 23d day of December, 1926, made absolute to the extent of allowing Ardill a fee of $25 and the appraisers, Skinner and Delahoussaye $5 each, and it was ordered "that same be taxed as costs."

It will be noted that the rule was taken against Bartolomeo Perrone personally and not in his capacity as liquidator of the partnership. Assuming that, in making the rule absolute, the judgment condemns Perrone personally, it is apparent that the objection to the form of procedure is well taken, because the claim of plaintiffs in rule should have been presented by way of petition and citation, in the ordinary way. However, the evidence presented on the trial of the rule and on behalf of plaintiffs in support of their claim refers exclusively to an inventory taken of the partnership effects, and if the plaintiffs have a claim, it is obvious that it is against Perrone as liquidator of the partnership and not against him individually. A claim against a partnership in process of liquidation should be presented to the liquidator of the partnership in order that it might appear upon his account when filed. If the filing of his account is unduly delayed, and if, when filed, it should not include all just claims, creditors may proceed by rule to compel the liquidator to file his account, or, if the account has been filed and their claims ignored, by opposition to the account. Whatever may be said of the other informalities, it seems to us that this proceeding, viewed in the light of a rule against the liquidator of the partnership of Aiello and Perrone, could not be entertained in advance of the filing of the liquidator's account, for it may well be that due recognition will be given the plaintiffs in rule when the account is filed.

170

However, the proceeding, as filed, is one against Bartolomeo Perrone personally, and there is nothing in the evidence which will support the judgment rendered on the rule.

For the reasons assigned it is now ordered that the judgment appealed from, which was signed December 23, 1926, making absolute the rule taken on behalf of Messrs. Ardill, Skinner, and Delahoussaye to the extent of condemning Bartolomeo Perrone to pay $25 to William Ardill and $5 each to B. J. Skinner and L. Delahoussaye, be annulled, avoided, and reversed, and this cause remanded for further proceeding according to law, and consistent with the views herein expressed.

Judgment reversed, and case remanded.